FILED
CLERK
8/5/2016 3:56 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
UNITED STATES OF AMERICA,

        -against-

JERRY VEGA,

                Defendant.
-------------------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
89-CR-0229-ADS-2

**APPEARANCES:**

**United States Attorney's Office**
**Eastern District of New York**
271 Cadman Plaza East
Brooklyn, New York 11201
    By: Erin Argo, Assistant U.S. Attorney

**Matthew W. Brissenden, P.C.**
*Attorney for the Defendant*
666 Old Country Road, Suite 501
Garden City, New York 11530
    By: Matthew W. Brissenden

**SPATT, District Judge.**

    Following a jury trial, Jerry Vega (the "Defendant") was convicted of narcotics-related offenses for which he received 360 months of imprisonment. The Court found that the Defendant, as second-in-command to a major narcotics organization, was responsible for distributing "hundreds of kilograms" of heroin.

    On November 15, 1991, the Court calculated the Defendant's sentencing range under the United States Sentencing Guidelines. At that time the highest base offense level was thirty-six for any crime involving ten or more kilograms of heroin. After factoring in enhancements for his leadership role and his use of firearms, the Defendant's total offense level was forty-two. Coupled with his Criminal History Category, this resulted in a sentencing range of 360 months to

1

life imprisonment.  The Court then sentenced the Defendant to 360 months imprisonment and five years supervised release to run consecutively to an already imposed state sentence.

Effective November 1, 2014, the United States Sentencing Commission adopted Amendment 782, which modified the sentencing range for certain drug-related offenses.  Once Amendment 782 was made retroactive, the Probation Department advised the Court that the Defendant was ineligible for a sentence reduction.  Specifically, the revised sentencing guidelines raised the highest base offense level to thirty-eight for narcotics offenses involving ninety or more kilograms of heroin.

The Defendant has three motions pending before the Court.  Initially, he filed a pro se motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) (2012).  Next, court-appointed counsel moved for an extension of time to assist the Defendant's pro se application.  Finally, with no objection from the Government, counsel went ahead and filed his motion in support of the Defendant's pro se submission, requesting that the Court reduce the prison sentence from 360 months to 292 months.

For the foregoing reasons, the Defendant's motion for an extension of time is dismissed as moot, and both of his resentencing motions are denied with prejudice.

## I. BACKGROUND

The Court assumes familiarity with the facts of this case, which are chronicled in prior decisions.  See, e.g., United States v. Vega, 11 F.3d 309 (2d Cir. 1993).  The salient details are discussed below.

On November 21, 1990, the Defendant pled guilty to a superseding information charging that he conspired to possess and distribute in excess of 100 grams of heroin and 500 grams of cocaine in violation of 18 U.S.C. §§ 841(b)(1)(A) and 846 (2012).  He acknowledged on the

record that he distributed large quantities of narcotics and participated in a vast criminal organization:

| | |
|---|---|
| THE COURT: | Mr. Vega, will you describe briefly in your own words [w]hat you did in connection with the crime charged in the [superseding] information? |
| DEFENDANT: | I bought and sold drugs for a living. |
| THE COURT: | Well, when was that? |
| DEFENDANT: | In '85, '86, '87. |
| THE COURT: | I think you were arrested in '88, correct? |
| DEFENDANT: | Yes. |
| THE COURT: | Was it up to the time of your arrest? |
| DEFENDANT: | Yes, you could say that, yes. |
| THE COURT: | I'm not going to say it. You are going to have to say if it's true? |
| DEFENDANT: | Yes. |
| THE COURT: | Were you involved in a conspiracy, an agreement with other people to knowingly and intentionally distribute heroin and cocaine? |
| DEFENDANT: | Yes. |
| | * * * |
| THE COURT: | Did . . . the conspiracy . . . involve the distribution of an amount in excess of 100 grams of heroin and 500 grams of cocaine? |
| DEFENDANT: | Yes. |

(Gov't Opp'n Br., Ex. A, Plea Tr. 23:15–24:8; 24:19–22.)

Prior to sentencing, the Probation Department filed a presentence report ("PSR"), which advised that the Defendant was accountable for an "excess of 300 kilograms" of heroin. (Gov't Opp'n Br., Ex. B, PSR ¶ 38.) Although "[t]he exact amount of narcotics (heroin and cocaine) distributed . . . is unknown," the Probation Department cross-referenced drug sales per month and the average weight of undercover buys. (PSR ¶¶ 6–7.) The Probation Department then calculated that the Defendant was responsible for a monthly distribution of 44.8 kilograms for a five-year period. (PSR ¶¶ 7, 34.) Based on this figure, the Defendant's total offense level was forty-two. (PSR ¶¶ 37, 43; Gov't Opp'n Br., Ex. C, Sentencing Tr. 13: 14–21 (applying the then-applicable 1987 sentencing guidelines).) Specifically, the Probation Department found that the Defendant had: (i) a base offense level of thirty-six for a crime involving ten or more kilograms of heroin; (ii) a two-level enhancement for the Defendant's possession of a dangerous weapon; and (iii) a four-level enhancement for his leadership role in a criminal organization. (PSR ¶¶ 38–42.) Considering his Criminal History Category of III, the applicable guideline range was 360 months to life imprisonment. (PSR ¶¶ 49–51, 53.)

Next, the Court held a Fatico hearing to establish circumstances relevant to the Defendant's sentencing. See generally United States v. Fatico, 579 F.2d 707 (2d Cir. 1978). Although the Court reserved ruling on the Defendant's Criminal History Category, it otherwise agreed with the PSR's findings. (See Gov't Opp'n Br., Ex. D, Fatico Hr'g 100:2–10; accord Sentencing Tr. 25:4–18, 28:5–9.) In fact, as demonstrated by the following colloquy, the Court determined that the Defendant was responsible for "hundreds of kilograms" of heroin, overruling defense counsel's objection to the contrary:

> COUNSEL: [T]he activities of Mr. Vega ceased upon his arrest in 1985 and did not commence again until the last few months before he was arrested in 1988. So . . . the allegations

|              | made [in the PSR] based on an estimate from one month during the course of this conspiracy, and calculating it over the entire length of the conspiracy, . . . can't be applied to Mr. Vega, because his activities were for a limited period of time. That's my first objection. |
|---|---|
|              | * * * |
| THE COURT:   | <u>Here the offense level was hundreds of kilograms</u> – the actual offense, the actual transactions that I heard testimony before me, and he admitted to some extent in the plea, involved hundreds of kilograms. |
|              | So if the offense level that is set forth is 36 for ten or more, are you saying that is in error? |
| COUNSEL:     | Your Honor, what is said in the [PSR] is that he is responsible for this entire area, 1985 to 1988. That's my objection. |
| THE COURT:   | We will get to that then. |
|              | <u>Your objection is overruled based on the testimony before me, based on the plea to me.</u> It is overruled. |

(<u>Fatico</u> Hr'g 79:2–12, 80:7–19 (emphasis added).) On November 15, 1991, the Court sentenced the Defendant to a term of 360 months imprisonment with credit for time already served, five years supervised release, and a mandatory special assessment fee.

    The Defendant has now moved for a sentence reduction on two grounds: (1) the Defendant is only accountable for ten or more kilograms of heroin because the Court did not specify an exact amount of heroin at the <u>Fatico</u> hearing; and (2) the Defendant should have received a Criminal History Category of I, not III, which would lower his sentencing range. If true, the Defendant's total offense level would be forty, and his sentencing range would be 292

5

to 365 months. The Defendant requests that the Court reduce his sentence to 292 months or, alternatively, hold an evidentiary hearing to determine a specific drug quantity that he is responsible for.

At the outset the Court notes that the motion for an extension of time is rendered moot because defense counsel already filed his motion in support of the Defendant's pro se submission. As to the merits, the Court already ruled that the Defendant was responsible for "hundreds of kilograms" of heroin. Under the revised sentencing guidelines, this warrants a base offense level of thirty-eight, not thirty-six, and the Defendant's total offense level becomes forty-three. Accordingly, the Defendant's sentencing range has increased, rendering him ineligible for a sentence reduction. Moreover, his Criminal History Category is irrelevant because with a total offense level of forty-three, each category receives the same sentence: life imprisonment. Thus, the Defendant's resentencing motions are denied with prejudice.

## II. DISCUSSION

As a general rule, federal courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, Congress has permitted sentence reductions where the applicable guideline range has been lowered since the original sentencing. Cortorreal v. United States, 486 F.3d 742, 744 (2d Cir. 2007) (per curiam) (citing 18 U.S.C. § 3582(c)(2)); see also U.S.S.G. § 1B1.10(b)(1) (2014) (instructing federal courts to consider "the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced"). It is also worth noting that "[t]he court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." U.S.S.G. § 1B1.10(e)(1).

In determining whether to grant a sentence reduction, the Court engages in a two-step inquiry. United States v. Christie, 736 F.3d 191, 194 (2d Cir. 2013) (citing Dillon v. United States, 560 U.S. 817, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010)). First, the Court considers whether the Defendant is eligible for a reduction or, in other words, whether his sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010) (per curiam). Where, as here, the Defendant is ineligible, the inquiry ends, and the Court denies the motion. But in cases which proceed to the second step, the Court would determine, in its discretion, whether a reduction is appropriate in light of the circumstances of the case. Christie, 736 F.3d 194–95; see also 18 U.S.C. § 3553(a) (requiring the Court to consider, among other things, the Defendant's post-sentencing behavior, the nature of the offense, and any public safety concerns).

Here, the revised sentencing guidelines would increase the Defendant's total offense level. At the Fatico hearing, the Court determined that the Defendant was accountable for "hundreds of kilograms" of heroin. (Fatico Hr'g 80: 7–8.) Under the then-applicable guidelines, a crime involving more than ten kilograms received the highest base offense level of thirty-six. U.S.S.G. § 2D1.1(a)(3) (1987). However, the revised sentencing guidelines increased the maximum base offense level to thirty-eight for any crime involving ninety or more kilograms of heroin. U.S.S.G. § 5, Pt. A, 18 U.S.C.A. (2016). After adding the enhancements for his leadership role and his use of firearms, the Defendant's total offense level adds up to forty-four. See U.S.S.G. §§ 2D1.1(b)(1), 3B1.1(a). According to Sentencing Table, that level is reduced to forty-three. U.S.S.G. § 5, Pt. A, 18 U.S.C.A., n. 2 ("An offense level of more than 43 is to be treated as an offense level of 43."). No matter what the Criminal History Category is, the

sentencing range is the same: life imprisonment, which is more than his original sentence of 360 months. Thus, the Defendant is not entitled to a sentence reduction. See U.S.S.G. § 1B1.10(a)(1)(B) (stating that a sentence reduction is not warranted if an amendment "does not have the effect of lowering the defendant's applicable guideline range").

The Defendant's reliance on this Court's decision in United States v. Mitchell, 828 F. Supp. 2d 576, 582 (E.D.N.Y. 2011), does not compel a contrary conclusion. There, defense counsel stipulated that the underlying offense involved "at least 150 grams of cocaine base." Id. at 577 (internal quotation marks omitted). According to the PSR, however, the defendant was responsible for 436.6 grams of cocaine base. Id. Although defense counsel originally objected to that figure, he later withdrew his objection because the defendant's base offense level was the same if he was responsible for 150 grams or 436.6 grams. Id. So when the defendant later moved for a sentencing reduction, the Government argued that his sentence was based upon a finding of 436.6 grams of cocaine base. Id. at 578. This Court disagreed. The fact that defense counsel withdrew his objection was neither an admission nor a concession to the 436.6 grams. Id. at 582. The Court never made a ruling, and thus, in light of these "unique circumstances," an evidentiary hearing was warranted to determine the drug quantity attributable to the defendant. Id.

In this case, however, the Court conducted a Fatico hearing and determined that the Defendant was responsible for "hundreds of kilograms" of heroin, overruling his objection. (Fatico Hr'g 80:7–8.) To overcome this straightforward result, the Defendant argues that the Court did not calculate the exact amount of heroin because the relevant question at the time was whether the Defendant was responsible for ten or more kilograms. But even without an explicit finding, it is clear that "hundreds of kilograms" of heroin meets the ninety-or-more requirement

for level thirty-eight.  Cf. United States v. Davis, 587 F.3d 1300, 1302–04 (11th Cir. 2009) (per curiam) (finding that the defendant was responsible for more than 4.5 kilograms of cocaine base even though the district court did not specify an "exact quantity in excess of 1.5 kilograms" because the PSR, which the court adopted, established that the defendant was responsible for at least 8 kilograms of cocaine base).  Moreover, the PSR noted that although an exact drug quantity is unknown, the Defendant was accountable for over 300 kilograms of heroin.  See United States v. Price, No. 03-CR-0297-3 (NGG), 2016 WL 1650766, at *3 (E.D.N.Y. Apr. 21, 2016) (observing that the defendant was responsible for a certain drug quantity, in part, because "the court's oral pronouncements did not contradict the PSR's findings").  Thus, the Court finds that a sentence reduction is not warranted and the Defendant's resentencing motions are denied with prejudice.

### III. CONCLUSION

For the foregoing reasons, it is hereby:

**ORDERED**, that the Defendant's motion for an extension of time (Dkt. No. 699) is DISMISSED AS MOOT; and it is further

**ORDERED**, that the Defendant's motions for a sentence reduction (Dkt. Nos. 692, 703) are DENIED with prejudice, and this case remains closed.

For the purposes of any appeal, the Clerk of the Court is respectfully directed to amend the caption as written above.

**SO ORDERED.**
Dated: Central Islip, New York
August 5, 2016

                                          */s/ Arthur D. Spatt*
                                         ARTHUR D. SPATT
                                         United States District Judge